UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    KEVIN W. KULEK,                                Case No. 16-21030-dob
          Debtor.                                        Chapter 7 Proceeding
                                                        Hon. Daniel S. Opperman
_____/

RANDALL L. FRANK,
        Plaintiff/Counter-Defendant,

v.                                                       Adversary Proceeding
                                                       Case No. 17-2002-dob

PAUL B. MALETICH
and VIRTUAPIN CABINETS, INC.,
        Defendants/Counter-Plaintiffs.
_____/

## OPINION DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

The Plaintiff, Randall Frank as the Chapter 7 Trustee, initiated this adversary proceeding against the Defendants, Paul Maletich and VirtuaPin Cabinets, Inc., seeking to avoid transfers of property and recover funds. The Defendants filed an Answer and Affirmative Defenses and also filed a Counterclaim against the Plaintiff claiming that certain allegations in the Complaint are defamatory. The Plaintiff filed a Motion to Dismiss the Defendants' Counterclaim asserting that the Defendants failed to get permission from this Court and that both the Plaintiff and Plaintiff's counsel enjoy a privilege. For the reasons stated in this Opinion, the Court denies the Plaintiff's Motion to Dismiss Counterclaim and allows limited discovery regarding issues raised by the Plaintiff in his Motion to Dismiss.[1]

---

[1] The Court will refer to the parties as Plaintiff and Defendants, rather than Plaintiff/Counter-Defendant and Defendants/Counter-Plaintiffs.

1

Findings of Fact

The Plaintiff's Complaint seeks to avoid certain transfers made by the Debtor to the Defendants under 11 U.S.C. § 548(a)(1)(A). After making certain allegations regarding the relationship between the Debtor and the Defendants, the Plaintiff's Compliant contained four allegations that the Defendants claim are defamatory:

a. Defendant was involved in the Debtor's "business" (SkitB Pinball) and involved in the fraud of obtaining money from approximately 250 prospective purchasers of a "Predator" pinball machine. *See* ¶6 of the Application.

b. That Defendant ... marketed the pinball machine for sale and collected 'deposits' for the purchase, ranging from $250 to $4,750.00 per person, with most of the 250 purchasers paying $4,750.00. *See* ¶8 of the Application.

c. Defendants closely associated themselves with the Debtor and assisted the Debtor in the fraud including such actions as: (a) providing Debtor with false invoices for materials and goods which were never provided and would never be provided to allow Debtor to draw off money from the PayPal account; (b) providing and generating false bills of costs and expenses; (c) assisting Debtor in obtaining money for use for personal expenses, with no intent of using same for the production and sale of the Predator pinball machine. *See* ¶11 of the Application.

d. Defendants ... attempt[ed] to 'structure' and avid [sic] what Defendants ... believed to be IRS reporting requirements for transfers of money in excess of $10,000 ... *See* ¶12 of the Application.

In response to the Defendants' Counterclaim, the Plaintiff filed the instant Motion to Dismiss, claiming that the Defendants must first obtain leave of this Court to start any lawsuit against the Plaintiff, that the allegations are protected as privileged communications, that the Plaintiff is immune from suit, and that Section 105 should be invoked to enjoin the Defendants from continuing their Counterclaim.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Statement of Authorities

I. <u>Applicable standard of review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1974).

A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis*, 135 F.3d at 405 (internal citations omitted). A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint. *Id.* at 563. *See also Assoc. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

II.  Defendants are not required to obtain leave of this court to file a counterclaim.

The Plaintiff argues that the Counterclaim is improper because the Defendants did not seek permission from this Court to start an action against the Trustee. *Barton v. Barbour*, 104 U.S. 126, 127-129 (1881) (requiring leave of the bankruptcy court before commencement of a lawsuit against a trustee acting in the trustee's official capacity and within the trustee's authority). The Plaintiff also argues that there is no exception for the Defendants' Counterclaim under 28 U.S.C. § 959.

The Plaintiff misconstrues the application of the *Barton* doctrine and any exception to the *Barton* doctrine, as well as 28 U.S.C. § 959. First, the *Barton* doctrine prohibits actions, such as the one stated in the Counterclaim without approval of this Court when such actions are initiated in another court. Here, the Defendants seek relief against the Plaintiff and Plaintiff's counsel in the very court that appointed the Plaintiff, so the *Barton* doctrine does not apply. Likewise, the Court need not analyze any exception to the *Barton* doctrine that may exist under 28 U.S.C. § 959. The Defendants were correct in filing the Counterclaim in this adversary proceeding and dismissal is not warranted under the *Barton* doctrine or 28 U.S.C. § 959.

III.  Privilege and Immunity

The Plaintiff next claims that as a Chapter 7 Trustee he is protected by immunity arising from a federal law. The Plaintiff relies on *Theiss v. Scherer*, 396 F.2d 646 (6th Cir. 1968), which held that statements made in pleadings filed in a judicial proceeding come within the rule of absolute privilege. As the *Theiss* Court stated:

> It is beyond argument that statements made in pleadings filed in a judicial proceeding come within the rule of absolute privilege.

*Id.* at 649.

The *Theiss* Court further stated:

> The rule of absolute privilege for relevant statements made by one attorney to another during the course of and in relation to judicial proceedings in which they are participating as counsel rests on solid basis .... The rights of clients should not be imperiled by subjecting their attorneys to the fear of suits for libel or slander.

*Id*. at 649-50.

In reply, the Defendants urge this Court to consider the case law developed after the United States Supreme Court decision of *Forrester v. White*, 484 U.S. 219, 223-24 (1988), which adopts a functional approach to determining whether a trustee or his counsel are entitled to immunity under a case-by-case basis. This approach was adopted by the Sixth Circuit in *Grant, Konvalinka & Harrison, P.C. v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013). In particular, the Defendants argue that *Lisowski v. Davis (In re Davis)*, 312 B.R. 681, 688-89 (Bankr. D. Nev. 2004) held that a bankruptcy trustee and his counsel are not immune from suit for libel and slander.

Applying these principles to the instant case, a trustee, and his counsel, are clothed with significant privilege and immunity so as to allow them to discharge their duties under the Bankruptcy Code. Applying these standards to the statements made in the Complaint, the Court does find that the statements are vital to the claims made by the Trustee against the Defendants. While it is regrettable that the words of the statute appear harsh and, in turn, require a plaintiff to make harsh allegations against a defendant, softer allegations would be subject to a Rule 12(b)(6) motion to dismiss or Rule 9011 sanctions.

Put in the context of this adversary proceeding only, the Defendants' Counterclaim against the Plaintiff would fail. But there is more to this case than mere allegations in the Complaint. For some reason, the allegations made in the Complaint escaped the judicial or court setting and have now made their way into the general public. With this record, it is not clear whether such migration was proper or not. The Defendants argue that the allegations were posted on various websites across

the country and have damaged the Defendants' business. The Plaintiff in turn argues that these allegations were somehow reported by others and somehow fit within the "fair reporting privilege" contained in M.C.L. § 600.2911(3). At this time, however, with this record, the Court cannot determine with certainty that the fair reporting privilege raised by the Plaintiff applies or that Section 105 should be invoked. For example, the Defendants' Counterclaim alleges not only that the allegations contained in the Complaint were published elsewhere, but also that certain commentary was added by Plaintiff's counsel. Also, it is not clear to the Court at this time whether the exact allegations contained in the Complaint were published or whether modifications were made to those allegations with editorial comment. In short, at this stage of the proceedings, the Court can conceive of enough facts to make the claims made by the Defendants against the Plaintiff, and in particular, Plaintiff's counsel, plausible on their face as required by *Twombly*.

IV. <u>Future course of action regarding the Defendants' counterclaim</u>

The Court directs the parties to limit their inquiry and discovery regarding the Defendants' Counterclaim to actions taken outside of the Court. The mere recitation of the four paragraphs complained of by the Defendants filed with this Court are not actionable on their own, but the publication to others beyond the normal course leaves this Court to conclude that the Defendants should be allowed limited inquiry as to how the allegations, as well as any comments regarding the allegations, were developed. The Court is also interested in learning about the individuals involved with the dissemination of this information outside of the normal court proceedings.

<u>Conclusion</u>

For the reasons stated in this Opinion, the Court denies the Plaintiff's Motion to Dismiss Counterclaim. Counsel for the Defendants is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on December 11, 2017**



/s/ Daniel S. Opperman

**Daniel S. Opperman
United States Bankruptcy Judge**